IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Timothy J. Nixon, | Case No. 4:10 CV 1279 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States of America, | |
| Respondent. | |

## INTRODUCTION

Petitioner *pro se* Timothy Nixon, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2).

## BACKGROUND

On February 15, 2001, Petitioner pled guilty in the United States District Court for the Western District of North Carolina to three charges: (1) conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and (3) using and carrying a firearm during and in relation to drug trafficking in violation of 18 U.S.C. § 924(c). He was sentenced to a term of imprisonment of 180 months on the drug offense; 120 months on the felon-in-possession offense, to run concurrently; and 60 months on the possession-while-drug-trafficking offense, to run consecutively. Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit, which affirmed the district court. He then filed two motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, both denied. *See*

*Nixon v. United States*, 2006 WL 163614 (W.D. N.C., Jan. 20, 2006) (denying Petitioner's second Section 2255 motion).

## DISCUSSION

Petitioner asserts that the district court should not have imposed the consecutive 60 month sentence under 18 U.S.C. § 924(c) because possession of the firearm had been taken into account in his sentence on the Section 922(g) charge. He also claims there was no "nexus" between the firearm and the drug transaction at issue.

However, Petitioner's Section 2241 claim is barred because the trial court already denied his motions under Section 2255. A federal prisoner may not challenge his sentence under Section 2241 unless the Section 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Section 2255 remedy "is not considered inadequate or ineffective simply because [Section] 2255 relief has already been denied." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). A claim of "actual innocence" might allow a Section 2241 petition after Section 2255 relief is denied. *See Charles*, 180 F.3d at 757. In the context of Section 2241 petitions, actual innocence claims generally arise out of an intervening change in law that alters the definition of a crime. *United States v. Peterman*, 249 F.3d 458, 461-462 (6th Cir. 2001).

Petitioner has pointed to no such intervening change in law here. Nor has he offered new factual evidence of his innocence; indeed, he pleaded guilty to the charges. Rather, Petitioner's contention (his felon-in-possession sentence under Section 924(c) unfairly replicated his possession-while-drug-trafficking sentence under Section 922(g)) is quintessentially a challenge to the imposition of his sentence, which is the proper subject of a Section 2255 remedy petition, not a Section 2241 petition. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Because Petitioner offers no

reason why the Section 2255 remedy was inadequate or ineffective, the current Petition must be dismissed.

## CONCLUSION

Petitioner's Motion to Proceed *In Forma Pauperis* is granted. For the reasons stated above, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

                                               August 5, 2010